### BALDWIN v. NATIONAL HEDGE & WIRE-FENCE CO.

(Circuit Court, E. D. Pennsylvania. May 14, 1895.)

#### No. 28.

REFORMATION OF CONTRACTS—EVIDENCE—ASSIGNMENT OF PATENT.

An assignment of all the patentee's interest in a patent will not be reformed, on the ground of mistake, so as to assign merely his rights for one county, where the allegations of the bill are denied, and the proofs to support the same are not clear and satisfactory.

This was a bill by William Baldwin against the National Hedge & Wire-Fence Company for the purpose of reforming a contract purporting to assign all of complainant's rights in a certain patent.

Meade D. Detwiler, H. Sargent Ross, Baldwin & Oliver, and F. Carroll Brewster, for complainant.
James Kell and John G. Johnson, for defendant.

DALLAS, Circuit Judge. Upon the day of its date an instrument of writing was executed and delivered, as follows:

Plashed Fences, William Baldwin.

York, Penna., March 4th, 1889.

Know all men by these presents, that I, William Baldwin, of Marion, Indiana, for one dollar to me in hand paid, and other valuable considerations, the receipt whereof is hereby acknowledged, I do hereby assign, transfer, and set over all my title and interest in patent No. 274,895, date April 3, 1888, being the sole owner and patentee, to the National Hedge and Wire-Fence Company, of York, Penna.                              William Baldwin. [Seal.]
Witness:
    E. H. Neiman,
    S. B. Gleason,
    J. Jessup.

This suit is brought by the assignor against the assignee. The bill alleges that "it was by mutual mistake of the parties that said instrument was so written as to assign or transfer all the right of the

orator under his patent, and that he did not intend at any time to make such a transfer or assignment, and the defendant did not intend that such assignment or transfer should be made, but both parties then and there meant and intended that only a right in and to (said) county of Baltimore should be assigned and transferred." The relief sought is "that the mistake in said instrument * * * be corrected; that said instrument be so reformed as to assign and transfer to the defendant a right in and to said county of Baltimore, Maryland," etc. The answer denies the material allegations of the bill.

If the question of fact presented might be dealt with as a doubtful one, a discussion of the evidence would be necessary; but as, in suits of this kind, equity will withhold relief if the mistake is not made entirely plain, it is sufficient to say that in the present case this certainly has not been done. Upon attentively considering all the proofs, I am constrained to hold that they are, at most, not clear and satisfactory. They are by no means "free from doubt and uncertainty, and such as to entirely satisfy the conscience of the court." Baltzer v. Railroad Co., 115 U. S. 634, 6 Sup. Ct. 216; Van Vleet v. Sledge, 45 Fed. 743. The rule to which I have referred is thoroughly well settled, both in England and in this country, and in my judgment the present case is one which peculiarly calls for its enforcement. The bill is dismissed.