GILLESPIE BROS. v. UNITED STATES. (Circuit Court, S. D. New York. February 3, 1902.) No. 2,847. Appeal by the importers from a decision of the board of general appraisers, which sustained the assessment of duty by the collector of customs upon the merchandise in question. W. Wickham Smith, for importers. D. Frank Lloyd, Asst. U. S. Atty.

TOWNSEND, Circuit Judge. The merchandise in question comprises certain shooks imported into the port of New York, and claimed to be free of duty under the provisions of paragraph 483 of the act of 1897. The board of general appraisers held that the shooks were dutiable, on the ground that the treasury regulations had not been complied with. Subsequently, however, under order of court, evidence was introduced by the importers, showing that they had complied in every essential particular with the regulations of the treasury relating to such matters, but that this evidence had not been presented to the board when it made its original finding. The decision of the board of general appraisers is reversed.

---

ITHACA WALL PAPER MILLS v. POTTER WALL PAPER MILLS. (Circuit Court, S. D. New York. April 30, 1902.) Walter D. Edmunds, for the motion. William W. Ewing, opposed.

LACOMBE, Circuit Judge. Complainant may take a preliminary injunction, as prayed, against paper of the patterns originally offered for sale,—side wall, ceiling, and border. As to the substituted side wall paper, the question of infringement is reserved for final hearing.

---

LAMB v. MUTUAL RESERVE FUND ASS'N. (Circuit Court, E. D. Pennsylvania. May 8, 1902.) No. 53. George Thorn Hunsicker, for plaintiff. John G. Johnson, for defendant.

DALLAS, Circuit Judge. If the policies to which this bill of complaint relates are in force, as is alleged, I perceive no reason for supposing that they might not be adjudged to be so, and any sums due upon them be recovered, in a common-law action; and the argument which has been submitted on behalf of the complainant, apparently on the assumption that this is a suit for the reformation of a contract, is without pertinence. The bill contains no specific prayer for reformation of a contract, and if such relief should in any case be granted upon a prayer for general relief, which is at least doubtful, it could not be granted in this instance, because the case stated in the bill would not justify it. Story, Eq. 42; Fulton v. Colwell, 50 C. C. A. 537, 112 Fed. 831; Baldwin v. Fence Co. (C. C.) 67 Fed. 853. The defendant's demurrer is allowed, and the bill of complaint is dismissed, with costs.

---

MARVEL CO. v. PEARL et al. (Circuit Court, S. D. New York. March 15, 1902.) Bryan & Edwards, for the motion. Henry B. Brownell, opposed.

LACOMBE, Circuit Judge. The injunction heretofore granted in this action has been disobeyed, but a sufficient punishment for the defendants will be a denial of the motion to withdraw general appearance.